## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| Phillip L. Rosemann | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:10-cv-480 |
| vs. | ) | |
| | ) | |
| Derek Smith and Distinctive | ) | Judge: Stephen N Limbaugh, Jr. |
| Properties (UK) Limited; | ) | |
| | ) | |
| Defendant's | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

Plaintiff's Motion for Default Judgment against Derek Smith and Distinctive Properties (UK) Limited came on this Courts consideration without hearing, and this Court sustains the motion and finds as follows:

1.    This Court has jurisdiction over the subject matter pursuant to 28 U.S.C. § 1332(a)(2) because plaintiff is a citizen of the Nevada and the defendants are alien citizens of the United Kingdom, and this controversy exceeds damages of $1 Million. Additionally, paragraph 16.2 of the Loan Agreement attached to the Compliant provides that the courts of the State of Missouri have jurisdiction over any disputes arising out of the loan agreement.

2.    This action commenced on March 22, 2010 by filing of the complaint and issuance of the summons. (Dkt #1). Because the defendants Derek Smith and Distinctive Properties (UK) Limited are aliens living in England, the summons included the apostille as required by the Hague Convention for International Service.

3.      Fed. R. Civ. P. 4(f)(1) provides that service of process upon individuals of foreign countries may be effected by "the Hague Convention." The Convention prescribes several other methods of achieving service of process. Article 10(b) and (c) of the Convention permit "service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination." Article 19 permits service by any method permitted by the internal law of the receiving country. See Fed. R. Civ. P. 4(f)(2)(A) (allowing service to be effected by a manner prescribed by the law of the foreign country).

4.      Plaintiff retained a professional process server Craig Hampton with Proteus Investigations to serve the complaints on defendants and listed him under the notice of intent to use a process server (ECF Dkt #3).

5.      On March 30, 2010 Craig Hampton served the complaint and summons on Distinctive Properties at their principal place of business (ECF Dkt #4). On April 1, 2010 Craig Hampton served the complaint and summons on Derek Smith at his home (ECF Dkt #5).

6.      Service of process by a process server formally designated to serve the documents complies with Article 10 and 19 of the Hague Convention. See *In Tax Lease Underwriters, Inc. v. Blackwall Green, Ltd.*, 106 F.R.D. 595, 596 (E.D.Mo. 1985) (service by solicitor on resident of U.K. complied with Articles 10(b) and 10(c)); *Supra Medical Corp. v. McGonigle*, 955 F. Supp. 374, 383-84 (E.D. Pa. 1997) (service on resident of U.K. permitted through the use of a solicitor).

7.      The defendants had until April 22, 2010 to appear, answer or plead. The defendants have failed to answer or otherwise plead in response to the Complaint, and the period provided for filing such a response has expired. This matter is ripe for the entry of a default judgment against the non-responsive defendants.

8.      Plaintiff's counsel filed a certificate confirming that personal service was in conformity with Article 6 of the Hague Convention (ECF Dkt #9). The Clerk Entered a Default on June 21, 2010 (ECF Dkt #10).

9.      The Loan Agreement provides that a certificate of the amount due by Phillip Rosemann is conclusive evidence of the amount due to Phillip Rosemann (Loan Agmt ¶ 10). The certificate attached to the Complaint certifies that Phillip Rosemann is owed $983,836.36 from Distinctive Properties and Derek Smith as of March 15, 2009 and accruing $647.68 per day thereafter until fully paid. Forty one days have lapsed since the filing of the complaint for an additional interest charge of $55,052.80 ($647.68 interest for 85 days) bringing the total amount due in principal and interest to $1,038,889.16 ($983,836.36 plus $55,052.80).

10.     The Loan Agreement also provides that Phillip Rosemann is entitled to reimbursement of his reasonable attorney's fees and costs. (Loan Agmt ¶ 6.1). The declaration of plaintiffs counsel confirms that the total legal fees and costs are $11,983.37 ($8,750.00 plus $3,233.37). These charges are reasonable in view of the nature of the case and the work involved and comparable to the fees charged by other law firms in this district. Including the attorneys fees and costs to the principal and interest due brings the total amount due to $1,050,872.53 ($1,038,889.16 plus $11,983.37) and this sum will accrue interest of $647.68 each day until paid.

IT IS HEREBY ORDERED that plaintiff Phillip Rosemann recover judgment

from defendants Derek Smith and Distinctive Properties (UK) Limited the sum of

$1,050,872.53 with interest thereon at $647.68 per day until this judgment is paid as

provided by law.

Date: _June 22_, 2010

_____
Stephen N Limbaugh, Jr.
United States District Judge